## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID RAY SNYDER,** | : | **CIVIL NO. 3:15-CV-1142** |
| | : | |
| **Petitioner,** | : | **(Judge Kosik)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SUPERINTENDENT KAUFFMAN,** | : | |
| | : | |
| **Respondent.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

In this case, we are called upon to consider the legal consequences which flow from dilatory conduct.  Four years ago, in September of 2011, David Ray Snyder was charged in the Court of Common Pleas of Clinton County with corruption of minors, open lewdness, indecent exposure and unlawful contact with minors.  In January of 2012, Snyder entered a no contest plea to two of these charges, open lewdness and unlawful contact with a minor.  On July 16, 2012, Snyder was then sentenced to a 14-to-72 month terms of imprisonment upon his guilty plea to these charges.

Snyder never pursued a direct appeal of this conviction and sentence.  Thus, Snyder's conviction became final when the time for taking an appeal lapsed, on August 15, 2012.  Several months then passed before Snyder filed a  petition for relief

under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541

et seq., on September 27, 2012. This post-conviction relief act petition was denied by

the trial court on January 15, 2013, and Snyder appealed this decision to the

Pennsylvania Superior Court which affirmed the decision denying post-conviction

relief for Snyder on December 13, 2013. Snyder then submitted a petition for

allowance of appeal to the Pennsylvania Supreme Court, which was denied by that

court on June 11, 2014.

Nearly a year then passed before Snyder filed this federal habeas corpus petition

on June 10, 2015. (Doc. 1.) On these facts, the Commonwealth has now filed an

initial response to this petition which asserts that this petition is barred by the one-year

statute of limitations which applies to state habeas actions under 28 U.S.C. § 2244.

(Doc. 11.) For the reasons set forth below, we agree and recommend that Snyder's

petition be denied as time-barred.

## II.   Discussion

### A.   State Prisoner Habeas Relief–The Legal Standard

A state prisoner seeking to invoke the power of this Court to issue a writ of

habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which

provides in part as follows:

**(a)** The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

**(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

> **(A)** the applicant has exhausted the remedies available in the courts of the State;
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b)

### **(1.)**   **Substantive Standards for Habeas Petitions**

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold

on the courts.  Typically, habeas relief will only be granted to state prisoners in those

instances where the conduct of state proceedings led to a "fundamental defect which

inherently results in a complete miscarriage of justice" or was completely inconsistent

with rudimentary demands of fair procedure.  See, e.g., Reed v. Farley, 512 U.S. 339,

354 (1994).  Thus, claimed violations of state law, standing alone, will not entitle a

petitioner to § 2254 relief, absent a showing that those violations are so great as to be

of a constitutional dimension.  See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir.

2004).

### (2.)   Procedural Benchmarks for Habeas Petitions

### ( a. )   Statute of Limitations

Furthermore, state prisoners seeking relief under Section 2254 must also satisfy

specific, and precise, procedural standards.  Among these procedural prerequisites is

a requirement that petitioners timely file motions seeking habeas corpus relief.  The

Antiterrorism and Effective Death Penalty Act of 1996("AEDPA"), 28 U.S.C. § 2244

established a one-year statute of limitations on the filing of habeas petitions by state

prisoners.  In pertinent part, § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court . The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See Miller v. New Jersey State Dept. of Corrections 145 F.3d 616, 617 (3d Cir.1998).

The calculation of this limitations period is governed by a series of well-defined rules.  At the outset, these rules are prescribed by statute, specifically 28 U.S.C. § 2244(d)(2), which provides that:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000).

In assessing § 2244(d)(2)'s tolling provision relating to the time when a case is "pending" state review, it is clear that "the term 'pending' must include the time between a court's ruling and the timely filing of an appeal, [and] 'pending' must include the time during which an appeal could be filed even if the appeal is not

eventually filed." <u>Swartz</u>, 204 F.3d at 424.   Thus, the courts have construed this tolling provision in a fashion which enables petitioners to toll their filing deadlines for the time periods in which they could have sought further direct appellate review of their cases, even if they did not, in fact, elect to seek such review.   However, for purposes of tolling the federal habeas statute of limitations, a "properly filed application for State post-conviction or other collateral review" only includes applications which are filed in a timely fashion under state law.   Therefore, if the petitioner is delinquent in seeking state collateral review of his conviction, that tardy state pleading will not be considered a "properly filed application for State post-conviction or other collateral review" and will not toll the limitations period.   <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 412-14 (2005); <u>Long v. Wilson</u>, 393 F.3d 390, 394-95 (3d. Cir. 2004).

Beyond this tolling period mandated by statute, it has also been held that AEDPA's one-year limitations period is not a jurisdictional bar to the filing of habeas petitions; <u>Miller</u>, 145 F.3d at 617-18, and, therefore, is subject to equitable tolling.   <u>Id</u>. at 618-19.   Yet, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored.   As the United States Court of Appeals for the Third Circuit has observed: "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'   Generally, this will occur

when the petitioner has 'in some extraordinary way ... been prevented from asserting

his or her rights.'  The petitioner must show that he or she 'exercised reasonable

diligence in investigating and bringing [the] claims.'  Mere excusable neglect is not

sufficient." Id. at 618-19 (citations omitted).  Indeed, it has been held that only:

> [T]hree circumstances permit[] equitable tolling if:
>
> (1) the defendant has actively misled the plaintiff,
> (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or
> (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum.
>
> Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999) (citations omitted).

Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Applying this exacting standard, courts have held that:  "In non-capital cases,

attorney error, miscalculation, inadequate research, or other mistakes have not been

found to rise to the 'extraordinary' circumstances required for equitable tolling.  See

Freeman v. Page, 208 F.3d 572 (7th Cir.2000) (finding no basis for equitable tolling

where the statute of limitations was changed to shorten the time for filing a PCRA

only four months prior to the filing of the petition); Taliani v. Chrans, 189 F.3d 597

(9th Cir.1999) (finding lawyer's inadequate research, which led to miscalculating the

deadline, did not warrant equitable tolling)." Id.  Courts have also repeatedly rejected claims by *pro se* litigants that the burdens of proceeding *pro se* should somehow exempt them from strict compliance with the statute of limitations.  See, e.g., Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2001); United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000). Thus, while tardy habeas petitioners often invite courts to find extraordinary circumstances warranting equitable tolling, those invitations are rarely embraced by the courts.  See, e.g., Merritt v. Blaine, 326 F.3d 157 (3d.Cir. 2003)(denying equitable tolling request); Robinson v.  Johnson, 313 F.3d 128 (3d. Cir. 2002)(same).

On occasion, petitioners like Snyder have cited alleged failures of communication with their state counsel as grounds for tolling the statute of limitations. Such claims are judged against precise and exacting standards, and typically require a showing of both:  (1) due diligence by the petitioner; and (2) an extraordinary abandonment of the petitioner by his state counsel, abandonment which is often coupled with affirmatively misleading conduct by prior counsel.  Ross v. Varano, 712 F.3d 784, 804 (3d Cir. 2013)

## B.    Snyder's Petition is Time-Barred by AEDPA's Statute of Limitations

In this case, the Commonwealth argues as a threshold matter that Snyder's petition is now barred by § 2244(d)'s one-year statute of limitations. Our analysis of the delays in Snyder's pursuit of this litigation convinces us that these claims are, in fact, now time-barred.

The history of this case reveals that Snyder was convicted and sentenced on July 16, 2012, but pursued no direct appeal of his conviction and sentence. Thus, this conviction and sentence became final on or about August 15, 2012. Snyder then filed a state post-conviction relief act petition on September 27, 2012. As a result of this inaction and delay on Snyder's part, 43 days of the one-year limitations period prescribed by §2244 lapsed.

Snyder's litigation of this state post-conviction petition concluded on June 11, 2014, when the Pennsylvania Supreme Court denied his petition for allowance of appeal. With this decision, the statute of limitations which had been tolled while this petition was pending began to run anew. That one-year limitations period then would have expired 322 days later, on or about April 29, 2015. It is undisputed that Snyder did not file his federal habeas corpus petition within this prior defined by the statute

of limitations.  Therefore, Snyder's June 10, 2015, petition undeniably falls beyond the statute of limitations and is presumptively time-barred.

For his part, Snyder does not contest that a straightforward application of the statute of limitations to his circumstances leads to the conclusion that this petition is time-barred.  Instead, Snyder seeks to avoid and evade the statute of limitations on equitable tolling grounds by blaming his state counsel for this delay.  Snyder's claims on this score, however, are wholly unpersuasive and inadequate to meet his burden of proof on an equitable tolling claim.  In fact, a careful scrutiny of Snyder's factual averments underscores that he is not entitled to equitable tolling in this case.

Snyder's equitable tolling argument rests upon a single, thin reed.  According to Snyder, he was not notified by his state appellate counsel of the June 11, 2014, denial of this petition for allowance of appeal by the Pennsylvania Supreme Court until July 27, 2014.  (Doc. 12, ¶20.)  Citing this brief delay in receiving notification of this decision, Snyder seeks to equitably toll the statute of limitations.  Snyder urges us to equitably toll the statute even though he has made no showing of due diligence in pursuing his rights after he alleges he received this notification.  Quite the contrary, rather than showing due diligence, it appears that Snyder's approach to filing this federal habeas corpus petition was marked by casual indifference and more than ten months of inexplicable delay.

On these facts, we cannot find any extraordinary circumstances of the type which would justify equitable tolling of this limitations period. In this regard, it is clear that it is incumbent upon Snyder to demonstrate that: "the petitioner has '**in some extraordinary way** ... been prevented from asserting his or her rights.' The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient." Miller, 145 F.3d at 618-19 (citations omitted)(emphasis added).

Snyder cannot meet this burden of proving extraordinary circumstances justifying tolling of this limitations period. Quite the contrary, in this case several factors weigh heavily against equitable tolling of the limitations period for Snyder. At the outset, this brief delay in notifying Snyder of this outcome of his appeal is of an entirely different character than the wholesale abandonment of a client by an attorney that has satisfied the extraordinary circumstances prong of the equitable tolling requirement, which typically can only be shown by "egregious attorney neglect." Ross v. Varano, 712 F.3d 784, 800 (3d Cir. 2013). No such egregious neglect has been pleaded or proven here by Snyder. Therefore, Snyder has not met his threshold burden of proving the existence of exceptional circumstances in this case.

Furthermore, in order to be entitled to equitable tolling based upon the conduct of counsel, Snyder was meet a second requirement. He must also show due diligence

on his part in pursuing his habeas claims.  Id.  Here, the averments made by Snyder do not demonstrate due diligence.  Rather, they rebut any claim of diligence, since Snyder's statements show that he delayed some 319 days after he claims he was notified of this adverse state court ruling before filing his federal habeas corpus petition.

"As with most issues involving a court's exercise of equitable powers, '[t]here are no bright lines in determining whether equitable tolling is warranted in a given case.' Pabon, 654 F.3d at 399." Ross v. Varano, 712 F.3d 784, 799 (3d Cir. 2013). However, we simply cannot find that an unexplained delay of 10 ½ months, which Snyder acknowledged in his traverse, between notification of the conclusion of his state case and the filing of this federal habeas petition constitutes due diligence justifying the tolling of the statute of limitations.

Yet, while Snyder has made no showing of extraordinary circumstances or due diligence on his part which would justify tolling this limitations period, there are substantial interests that weigh in favor of holding Snyder strictly to the limitations period prescribed by law.  These countervailing interests include the strong societal interests favoring finality in litigation, as well as the institutional interests of the criminal justice system, which favor prompt presentation and resolution of disputes. However, when considering a statute of limitations question in the context of a belated

collateral attack upon a criminal conviction arising out of the sexual exploitation of minors, there is also an important human dimension to the statute of limitations. To ignore the limitations period prescribed by law, and permit Snyder to belatedly re-open this case, would compel the minor victims of his offenses to, once again, experience the trauma of those events. Since Snyder has not fulfilled his responsibility to bring this petition in a timely manner, and has not carried his burden of showing extraordinary circumstances justifying a tolling of the statute of limitations, he should not be entitled to compel the government to require his victims to revisit these events.

In short, Snyder's petition invites this Court to ignore his procedural defaults, discount the statute of limitations, and re-open this case, without considering the potential harm which could be experienced by the victim if that minor victim was required to endure these events once again. Since Snyder's request flies in the face of the law, and cannot be justified on the facts, this Court should decline this invitation, and deny his petition for writ of habeas corpus.

## III.   **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and the Response in Opposition to this Petition, IT IS RECOMMENDED that the Petition be DENIED, and

that a certificate of appealability should not issue.  The petitioner is further placed on

notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 4th day of November 2015.

_**S/Martin C. Carlson**_
Martin C. Carlson
United States Magistrate Judge